IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN M. JONES, | ) | |
| Plaintiff, | ) | Civil Action No. 7:14cv00501 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VALLEY BANK, *et al.*, | ) | By: Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Owaiian Jones, a Virginia inmate proceeding *pro se*, filed this civil action against Valley Bank, Wells Fargo Bank, "and/or John Does," requesting $100,000 in "compensatory and punitive damages" because the defendants, *inter alia*, "violated [his] constitutional rights."[1] Given the nature of Jones' claims, the court construed and docketed Jones' complaint under 42 U.S.C. § 1983. After reviewing the complaint, the court concludes that this lawsuit must be summarily dismissed as frivolous.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). The court's statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

---

[1] Specifically, Jones alleges that Wells Fargo Bank "misled" him in "writing and orally that he had a five thousand [dollar] or more credit line and then denied it, causing overdrafts on [Jones'] Valley Bank" account. As a result, Jones had "many returned checks" and "embarrassment in [the] community."

clearly baseless." Id. at 327-28. Jones' legal claims under § 1983 are clearly baseless and, therefore, the court will summarily dismiss the action under § 1915A(b)(1) as frivolous.[2]

Entered: October 2, 2014

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge

---

[2] The court notes that Jones has filed twenty-five civil actions in this court since July 10, 2014. See Civil Actions Nos. 7:14cv337, 7:14cv399, 7:14cv408, 7:14cv409, 7:14cv410, 7:14cv412, 7:14cv415, 7:14cv416, 7:14cv480, 7:14cv481, 7:14cv482, 7:14cv483, 7:14cv499, 7:14cv500, 7:14cv501, 7:14cv502, 7:14cv513, 7:14cv514, 7:14cv515, 7:14cv520, 7:14cv521, 7:14cv522, 7:14cv523, 7:14cv524, and 7:14cv525. Jones is advised that inmates do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Jones is hereby notified that future frivolous and abusive filings may result in the imposition of a pre-filing injunction against him. Cromer v. Kraft Foods N. America, Inc., 390 F.3d 812, 819 (4th Cir. 2004).

2

Case 7:14-cv-00501-MFU-RSB   Document 7   Filed 10/02/14   Page 2 of 2   Pageid#: 19